IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PENNY L RAPP, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:16-CV-01110-RC |
| v. | § § § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Penny Rapp initiated this civil action pursuant to Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the action dismissed with prejudice (Dkt. No. 21).

The Report and Recommendation of the Magistrate Judge (Dkt. No. 21), which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. Plaintiff has filed an objection to the Report and Recommendation (Dkt. No. 22). Specifically, Plaintiff objects to the Magistrate Judge's finding that "the ALJ's RFC finding [] is supported by substantial evidence [] and resulted from correct application of the applicable legal standards." *Id.* at 1. Plaintiff argues that the Magistrate Judge's conclusion that the ALJ specifically considered the statements of Dr. Taylor in his RFC finding was in error. *Id.* at 1–2.

As the Magistrate Judge explained in his Report and Recommendation, Plaintiff's argument in her briefing was that the ALJ failed to consider Dr. Taylor's finding that she has mild limitations on stooping, crouching and will be able to perform these occasionally due to back pain and decreased range of motion. (Dkt. No. 21, at 9.) As to this argument, the Magistrate Judge explained that Plaintiff's argument was not meritorious because the record showed that the ALJ specifically considered Dr. Taylor's findings that Plaintiff had "mild limitations with lifting and carrying weight," and "could occasionally bend, stoop, crouch, and squat," and that the ALJ afforded great weight to those opinions. *Id.* at 10, citing Transcript ("Tr.") at 140–42. Plaintiff now presents a new argument, conceding that the ALJ gave Dr. Taylor's opinions great weight, but arguing that the he actually rejected Dr. Taylor's conclusions regarding Plaintiff's ability to "reach, handle, feel, grasp, and finger." (Dkt. No. 22, at 2–3.)

Although this argument is newly presented in Plaintiff's objections, the record again reflects that Plaintiff's argument regarding the consideration of Dr. Taylor's opinions in not meritorious. The ALJ specifically considered Dr. Taylor's opinions that Plaintiff had "no manipulative limitations with reaching, handling, fingering, feeling and grasping." Tr. at 140, citing Ex. 8F. Indeed, Dr. Taylor concluded that Plaintiff will be able to perform these functions frequently. Tr. at 533. Thus, Dr. Taylor's opinions support the ALJ's RFC finding. As the Magistrate Judge noted, Dr. Taylor's opinions were carefully considered by the ALJ, afforded great weight, and are consistent with the remainder of the medical record. (Dkt. No. 21, at 10–11.) As such, Plaintiff's objection regarding the failure to carefully consider Dr. Taylor's opinions is without merit. The Magistrate Judge did not err in concluding that the ALJ's RFC finding was supported by substantial evidence.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **January, 2018.**

_____
Ron Clark, United States District Judge